UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEMETRIUS WHITAKER,

                                        Plaintiff,            9:08-CV-0449
v.                                                            (LEK/GHL)

SUPER, *C.O., Coxsackie Correctional Facility*,
                                        Defendant.

_____

APPEARANCES:                                        OF COUNSEL:

DEMETRIUS WHITAKER, 00-B-1659
Plaintiff *pro se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. ANDREW M. CUOMO                                DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION & ORDER**

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Generally, Plaintiff

alleges that Defendant Correctional Officer Super issued a false misbehavior report against Plaintiff,

which resulted in Plaintiff serving nineteen (19) days in a keeplock unit at Coxsackie Correctional

Facility.  Dkt. No. 1, at 2-5.

Currently pending before the Court is Defendant's motion for summary judgment pursuant

to Fed. R. Civ. P. 56.  Dkt. No. 28.  Plaintiff has not opposed the motion, despite having been

repeatedly advised of the consequences of failing to do so, and having been *sua sponte* granted an extension of the deadline to do so.  Dkt. No. 28-2; Dkt. No. 29.  Under the circumstances, I recommend that Defendant's motion for summary judgment be granted.

## I.     BACKGROUND

### A.     Summary of Plaintiff's Complaint

The complaint asserts the following:

On January 10, 2008, several inmates at Coxsackie Correctional Facility filed grievances against "correctional servant" J. Stevens (hereinafter "C.S. Stevens") and refused to pick up their meals, "which caused the administration to launch an investigation to find out who [organized] this event."  Dkt. No. 1, at ¶ 7.  Plaintiff was one of several inmates who was questioned.  *Id.*  After being questioned, Plaintiff was returned to his housing unit.  *Id.*  When C.S. Stevens saw Plaintiff, he "made a statement to the fact that [Plaintiff] would soon be locked down."[1]  *Id.*  The next day, Plaintiff was moved to a cell in the keeplock unit.  *Id.*

On January 15, 2008, Plaintiff was served with a Tier III misbehavior report in which Defendant charged Plaintiff with one count of violating prison rule 104.12 - Inmates Shall Not Organize Others.[2]  Dkt. No. 1, at ¶ 7 and Ex. B.  In that report, Defendant described the underlying incident as follows:

> After an investigation by staff and information gained thr[ough] a confidential informant it has been determined [that Plaintiff was] an organizer of the D-3 inmates refusing to pick up food during the morning meal on Jan[uary] 10, 2008.  As a result this misbehavior report was issued.

---

[1]  C.S. Stevens is not named as a defendant.

[2]  Prison rule 104.12 provides: "An inmate shall not lead, organize, participate, or urge other inmates to participate, in a work-stoppage, sit-in, lock-in, or other actions which may be detrimental to the order of [the] facility." N.Y. Comp.Codes R. & Regs. tit. 7, § 270.2(B)(5)(iii).

Dkt. No. 1, Ex. B.

On January 22, 2008, a Tier III hearing commenced.  Dkt. No. 1, at ¶ 7.  On January 28, 2008, the hearing concluded.  *Id.* at ¶ 7 and Ex. C.  Plaintiff was found not guilty.  *Id.* and Ex. C.  The next day, Plaintiff was released from keeplock.  Dkt. No. 1 at ¶ 7.  As noted, Plaintiff was in keeplock for a total of nineteen (19) days.

Plaintiff did not file an inmate grievance.  Dkt. No. 1, at ¶4(b).

Plaintiff alleges that Defendant violated his "due process rights" by knowingly issuing a false misbehavior report, and by "deliberately locking me up for an action he know[s] I did not commit."  Dkt. No. 1, at ¶ 6.  Plaintiff asserts that as a result he was "not . . . able to do the ordinary things that inmates do with the[ir] li[ves] in prison."  *Id.*  Plaintiff further claims that Defendant "was negligent in protecting my Due Process Rights."  *Id.*

### B.    Summary of Grounds in Support of Defendant's Motion for Summary Judgment

Defendant argues that Plaintiff's claims should be dismissed because (1) an inmate has no constitutional claim against correctional staff for allegedly issuing a false misbehavior report; (2) Plaintiff has not alleged or suffered an atypical and significant hardship; and (3) Plaintiff's claim of negligence is not actionable under § 1983.  Dkt. No. 28-5.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Legal Standard Governing Unopposed Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material[3] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[4]

However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[5]  The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[6]  Rather, "[a] dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

What this burden-shifting standard means when a plaintiff has failed to respond to a defendant's motion for summary judgment is that "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."[8]  Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record

---

[3]      A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[4]      *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

[5]      Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading, but the [plaintiff's] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the [plaintiff] does not so respond, summary judgment, if appropriate, shall be entered against the [plaintiff]."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

[6]      *Matsushita*, 475 U.S. at 585-86; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . .").

[7]      *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

[8]      *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material

facts, the law indeed warrants judgment for the defendants.[9]  However, the plaintiff's failure to

respond to the defendant's motion for summary judgment lightens the defendant's burden on the

motion.

More specifically, where a plaintiff has failed to properly respond[10] to a defendant's

statement of material facts, contained in its Statement of Material Facts (a/k/a its "Rule 7.1

Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true[11] to the extent

that (1) those facts are supported by the evidence in the record,[12] and (2) the non-moving party, if he

---

[9]      *See Champion*, 76 F.3d at 486 ("Such a motion may properly be granted only if the facts as to which
there is no genuine dispute show that . . . the moving party is entitled to a judgment as a matter of law.") [internal
quotation marks and citation omitted]; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232
(N.D.N.Y. 2001) (Scullin, C.J.) (stating that, where a plaintiff has failed to respond to a defendant's motion for summary
judgment, "[t]he Court must review the merits of Plaintiff's claims").  This requirement (that the Court determine, as a
threshold matter, that the movant's motion has merit) is also recognized by Local Rule 7.1(b)(3) of the Local Rules of
Practice for this Court, which provides that "the non-moving party's failure to file or serve . . . [opposition] papers . . .
shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown," *only where the motion has
been "properly filed" and "the Court determines that the moving party has met its burden to demonstrate entitlement to
the relief requested therein."*  N.D.N.Y. L.R. 7.1(b)(3) [emphasis added].

[10]      *See* N.D.N.Y. L.R. 7.1(a)(3) ("The opposing party shall file a response to the Statement of Material
Facts.  The non-movant's response shall mirror the movant's Statements of Material Facts by admitting and/or denying
each of the movant's assertions in matching numbered paragraphs.  Each denial shall set forth a specific citation to the
record where the factual issue arises.").  To create a dispute of material fact, it is not sufficient that the non-movant
merely challenge the veracity or form of one or more of the movant's supporting affidavits. *See Chemical Bank v.
Hartford Acc. & Indem. Co.*, 82 F.R.D. 376, 378 (S.D.N.Y. 1979); *Hofmann v. John Hancock Mu. Life. Ins. Co.*, 400 F.
Supp. 827, 831, n.5 (D. Md. 1975).

[11]      *See* N.D.N.Y. L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed
admitted unless specifically controverted by the opposing party.</u>") [emphasis in original].

[12]      *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004)
("[W]here the non-movant party chooses the perilous path of failing to submit a response to a summary judgment
motion, the district court may not grant the motion without first examining the moving party's submission to determine if
it has met its burden of demonstrating that no material issue of fact remains for trial. . . .  If the evidence submitted in
support of the summary judgment motion does not meet the movant's burden of production, then summary judgment
must be denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the moving party has
met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement
of undisputed facts contained in the moving party's Rule 56.1 Statement.  It must be satisfied that the citation to
evidence in the record supports the assertion.") [internal quotation marks and citations omitted]; *Govan v. Campbell*,
289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of

is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment.[13]

Similarly, where a plaintiff has failed to respond to a defendant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[14]  Stated another way, where a defendant has properly filed a memorandum of law (in support of a properly filed motion for summary judgment), and the plaintiff has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the defendant's memorandum of law are *facially meritorious*.[15]  A defendant's burden in making legal arguments that are facially meritorious

---

undisputed facts in compliance with Local Rule 7.1(a)(3).  Consequently, the court will accept the *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *cf.* Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made  *and supported* as provided in this rule") [emphasis added].

[13]     *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *cf.* N.D.N.Y. L.R. 56.2 (imposing on movant duty to provide such notice to *pro se* opponent).

[14]     N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for summary judgment to contain, *inter alia*, a memorandum of law); *cf.* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's  *response* . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so  *respond*, summary judgment, if appropriate, shall be entered against the adverse party.") [emphasis added].

[15]     *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted].

has appropriately been characterized as "modest."[16]

Implied in the above-stated standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se*.[17]  This is because even *pro se* plaintiffs must obey the Court's procedural rules.[18]  For example, this Court has rather consistently enforced Local Rule 7.1(a)(3) (and its predecessor, Local Rule 7.1[f]), by deeming facts set forth in a moving party's statement to have been admitted where the opposing party has failed to properly respond to that statement–even where the opposing party was proceeding *pro se* in a civil rights case.[19]

However, in the event the district court chooses to conduct such an independent review of

---

[16]     *See Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *cf. Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]).

[17]     *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[18]     *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted].

[19]     *See, e.g., DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.) (*pro se* civil rights case); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1[a][3], in *pro se* civil rights case).

the record, any verified complaint filed by the plaintiff should be treated as an affidavit.[20]  That

having been said, to be sufficient to create a factual issue for purposes of a summary judgment

motion, an affidavit (or verified complaint) must, among other things, be based "on personal

knowledge."[21]  An affidavit (or verified complaint) is not based on personal knowledge if, for

example, it is based on mere "information and belief" or hearsay.[22]  In addition, such an affidavit (or

verified complaint) must not be conclusory.[23]  An affidavit is conclusory if, for example, its

assertions lack any supporting evidence or are too general.[24]  Finally, even where an affidavit (or

---

[20]    *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

[21]    Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters stated therein."); *see also U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995) [citations omitted], *cert. denied sub nom*, *Ferrante v. U.S.*, 516 U.S. 806 (1995).

[22]    *See Patterson*, 375 F.3d at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . .  [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("[Defendant's] affidavit states that it is based on personal knowledge *or* upon information and belief . . . .  Because there is no way to ascertain which portions of [Defendant's] affidavit were based on personal knowledge, as opposed to information and belief, the affidavit is insufficient under Rule 56 to support the motion for summary judgment."); *Applegate v. Top Assoc., Inc.*, 425 F.2d 92, 97 (2d Cir. 1970) (rejecting affidavit made on "suspicion . . . rumor and hearsay"); *Spence v. Maryland Cas. Co.*, 803 F. Supp. 649, 664 (W.D.N.Y. 1992) (rejecting affidavit made on "secondhand information and hearsay"), *aff'd*, 995 F. 2d 1147 (2d Cir. 1993).

[23]    *See* Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson*, 375 F.3d at 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate v. Top Assoc.*, 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

[24]    *See, e.g., Bickerstaff v. Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1998) (McAvoy, C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.") [citations omitted]; *West-Fair Elec. Contractors v. Aetna Cas. & Sur.*, 78 F.3d 61, 63 (2d Cir. 1996) (rejecting affidavit's conclusory statements that, in essence, asserted merely that there was a dispute between the parties over the amount owed to the plaintiff under a contract); *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985) (plaintiff's

verified complaint) is nonconclusory, it may be insufficient to create a factual issue where it possesses the following two characteristics: (1) it constitutes almost the sole or exclusive basis for a disputed issue of fact in the case (or, expressed differently, it is largely unsubstantiated by any other direct evidence); and (2) it is so lacking in credibility that, even after drawing all inferences in the light most favorable to the non-movant, no reasonable jury could find for the non-movant because the testimony is incomplete and/or replete with inconsistencies and improbabilities.[25]

**B.     Legal Standard Governing Motion to Dismiss for Failure to State a Claim**

To the extent that a defendant's motion for summary judgment under Federal Rule of Civil Procedure 56 is based entirely on the allegations of the plaintiff's complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a

---

allegation that she "heard disparaging remarks about Jews, but, of course, don't ask me to pinpoint people, times or places. . . .  It's all around us" was conclusory and thus insufficient to satisfy the requirements of Rule 56[e]), *cert. denied*, 474 U.S. 829 (1985); *Applegate*, 425 F.2d at 97 ("[Plaintiff] has provided the court [through his affidavit] with the characters and plot line for a novel of intrigue rather than the concrete particulars which would entitle him to a trial.").

[25]     *See, e.g., Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) ("[I]n the rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether . . . there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account. . . .  In the circumstances presented in the instant case-where (1) the District Court found nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony, and (2) the District Court, even after drawing all inferences in the light most favorable to the plaintiff, determined that no reasonable person could believe Jeffreys' testimony, . . . we hold that the District Court did not err by awarding summary judgment.  Because no reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in the complaint, . . . we conclude that summary judgment was appropriate.") [internal quotation marks and citations omitted]; *cf. Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 42-46 (2d Cir. 1986) (affirming grant of summary judgment to defendants in part because plaintiffs' deposition testimony regarding an alleged defect in a camera product line [1] was "unsupported by documentary or other concrete evidence," and indeed was contradicted by the other record evidence, and [2] was "conclusory" and "inconsistent" with plaintiffs' present representations); *Olle v. Columbia Univ.*, 332 F. Supp.2d 599, 612-15 (S.D.N.Y. 2004) (plaintiff's deposition testimony was insufficient evidence to oppose defendants' motion for summary judgment where that testimony [1] recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence or benign," and [2] were inconsistent with plaintiff's other statements and claims), *aff'd*, 136 F. App'x 383 (2d Cir. 2005) (unreported decision, cited not as precedential authority but merely to show the case's subsequent history, in accordance with Second Circuit Local Rule § 0.23).

cause of action upon motion for summary judgment." *Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) [citations omitted]; *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties."). Accordingly, it is appropriate to summarize the legal standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d

Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S.Ct. at 1949.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint.  *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).  In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).

## III.   ANALYSIS

### A.   Procedural Due Process

#### 1.   Misbehavior Report

In order to state a claim for a violation of his procedural due process rights, Plaintiff must allege facts plausibly suggesting that (1) he was deprived of a liberty interest; (2) without due process of law.  *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000).

As Defendant notes, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report."  *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *accord*, *Pittman v. Forte*, 01-CV-0100, 2002 WL 31309183, *5 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.).  The only way that

false accusations contained in a misbehavior report can rise to the level of a constitutional violation is where the false accusation is based on something such as "retaliation against the prisoner for exercising a constitutional right." *Boddie*, 105 F.3d at 862; *accord, Murray v. Pataki*, 03-CV-1263, 2007 WL 965345, at *8 (N.D.N.Y. Mar. 5, 2007) (Treece, M.J.) (citations omitted).

Here, Plaintiff does not claim that the misbehavior report was issued in retaliation for Plaintiff's exercise of a constitutional right.  Therefore, the complaint does not state a claim for a procedural due process violation based on the filing of the misbehavior report.  Accordingly, I recommend granting Defendant's motion in this regard and dismissing this claim.

## 2.   Keeplock

An inmate has a liberty interest in remaining free from a confinement or restraint where (1) the state has granted its inmates, by regulation or statute, an interest in remaining free from that particular confinement or restraint; and (2) the confinement or restraint imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Tellier*, 280 F.3d at 80; *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996).  Regarding the first prong of this test, "[i]t is undisputed . . . that New York state law creates a liberty interest in not being confined to the SHU."[26] *Palmer v. Richards*, 364 F.3d 60, 64 n. 2 (2d Cir. 2004).  The issue, then, is whether Plaintiff's keeplock confinement imposed "an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."

In the Second Circuit, determining whether a disciplinary confinement constituted an

---

[26]  Although keeplock confinement and SHU confinement are not identical detention statuses, the Second Circuit has applied the same procedural due process analytical framework to both.  *See e.g. Palmer v. Richards*, 364 F.3d 60, 66-67 (2d Cir. 2004).

"atypical and significant hardship" requires examining "the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and the duration of the disciplinary segregation compared to discretionary confinement." *Palmer*, 364 F.3d at 64. Where a prisoner has served less than 101 days in disciplinary segregation, the confinement constitutes an "atypical and significant hardship" only if "the conditions were more severe than the normal SHU conditions."[27] *Palmer*, 364 F.3d at 65.

Here, Plaintiff alleges that he was in a keeplock unit for nineteen (19) days. Accordingly, a protected liberty interest is implicated only if Plaintiff was confined under conditions "more severe" than "normal" SHU conditions. Plaintiff has alleged no such conditions. Therefore, I recommend that the Court grant Defendant's motion and dismiss this claim.

### B.    Negligence

Plaintiff alleges that Defendant was "negligent in protecting my Due Process Rights." Dkt. No. 1, at ¶ 6. However, "mere negligence will not support a section 1983 claim."[28] As a result, I recommend that the Court grant Defendant's motion and dismiss this claim.

**ACCORDINGLY**, it is

---

[27] "Normal" SHU conditions include being kept in solitary confinement for 23 hours per day, provided one hour of exercise in the prison yard per day, and permitted two showers per week. *Ortiz v. McBride*, 380 F.3d 649, 655 (2d Cir. 2004).

[28] *Burgess v. County of Rensselaer*, 03-CV-0652, 2006 U.S. Dist. LEXIS 91521, at *26 (N.D.N.Y. Dec. 14, 2006) (McCurn, J.) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Pena v. Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' ... [T]he Fourteenth Amendment is not a 'font of tort law.' ... It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable.... '[N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.' ") (citations omitted).

13

**RECOMMENDED** that Defendant's motion for summary judgment (Dkt. No. 28) be

**GRANTED**; and it is further

**ORDERED** that the Clerk serve copies of the electronically-available-only opinions cited in

this Report-Recommendation & Order on Plaintiff.[29]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary*

*of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72, 6(a), 6(e).


Dated: November 23, 2009
      Syracuse, New York

                                         George H. Lowe
                                         United States Magistrate Judge

---

[29] Those decisions include: *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177 (W.D.N.Y. Mar. 29, 2004); *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258 (N.D.N.Y. Sept. 10, 2003); *Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464 (N.D.N.Y. Dec. 22, 2005); *Pittman v. Forte*, 01-CV-0100, 2002 WL 31309183 (N.D.N.Y. July 11, 2002); *Murray v. Pataki*, 03-CV-1263, 2007 WL 965345 (N.D.N.Y. Mar. 5, 2007); and *Burgess v. County of Rensselaer*, 03-CV-0652, 2006 U.S. Dist. LEXIS 91521 (N.D.N.Y. Dec. 14, 2006).